Daniee, Judge.
 

 At common law, a personal chattel passed by way of gift, either by a delivery to the do-nee, or it passed by a delivery of a deed of gift, without a delivery of the chattel. Slaves are personal chattels, and where creditors or purchasers are not concerned, the same law governed gifts of this species of property, as did other descriptions of chattels, up to the year 1806. In that year, the legislature declared that no gift thereafter to be made, of any slave or slaves, should be good or available in law or equity, unless the same should be made in writing, signed by the donor and attested by at least one witness, and proved as conveyances of land, and registered in the office of the public
 
 *266
 
 register, by a given time. By this statute parol gifts of slaves were abolished; subsequent to the year, 1806, all gifts of slaves, to be good and available, bad to be in writing cither in the form of a deed, or a writing without seal, accompanied with an actual delivery of the slave, which writing must be signed by the donor and attested by a subscribing witness, and registered in the time prescribed by law. Without these forms and solemnities, all gifts of slaves are void. The second sec-, tion of the act of 1806, is as follows: “On all trials “ where any such writings shall be introduced to sup- “ port the title of either party, the due and fair execu-
 
 “
 
 tion of such writing, shall be proved by a witness sub- “ scribing and attesting the execution of such writing, but “if such witness shall bo deador removed out of the “ State, then the probate or acknowledgement and rc-
 
 “
 
 gistration of such writing may be given in evidence.” The plaintiff in the present case, claims the slaves mentioned in the writ and declaration, by a writing purporting to-be a deed of gift; it was registered within the time prescribed by law, it was subscribed by a witness who on the trial proved that
 
 G, Brownrigg,
 
 the supposed donor, signed and scaled the same, but the witness was unable to prove that the paper writing thus signed and sealed, had ever been delivered. The plaintiff proposed to supply the deficiency of proof, which was necessary to a due execution of a deed of gift by other witnesses, whose names were not subscribed to the paper writing. This testimony was objected to, because the second section of the act of 1806, requires that the execution of the writing shall be proved by a w itness subscribing and attesting tlie execution of it. The court admitted the evidence and there was a verdict for the plaintiff. On a motion for a new trial, the defendant contends that the court erred by permitting such evidence to be received. We are now called on to decide, whether, as the subscribing witness was present in court and examined on the trial, the delivery of the deed could be proven by any other person ? It appears to me, that as the first section of the act has required the writing to he «ubscri-
 
 *267
 
 bed by a witness, and also required that it should be proved and registered as conveyances of land, that the •second section was introduced into the act for the purpose of expressing the.will of the legislature, that on any trial at law for slaves, when the said writing should he offered in evidence, it should not he introduced on the terms that conveyances of land, are admitted inevidenefc viz. only hy showing that it had been admitted to pro-bateandregistration, but that the subscribing witness, if alive and in the State, should attend and prove the writing, according to the rules of the common law. The writing was not to be given in evidence as conveyances of land are, unless the subscribing witness was dead or absent from the State. The second section of the act of 1806, is a copy of the third section of the act of
 
 1792,
 
 relating to the sale of slaves. The Legislature intended that when the title to slaves came in question, either upon a sale, and a writing, was introduced, or by a gift and a writing was offered to support the title, the same should not be evidence by barely showing that the writing bad been admitted to probate and registration, but that the common law rule should be followed, of produ- , cing the subscribing witness and proving the instrument by him, if he was able to prove
 
 it;
 
 if not, the writing might still be proven, as instruments are proven by the rules of the common law. If
 
 Jl,
 
 is a subscribing witness to a writing, evidencing a gift of slaves, and saw it signed and sealed but could not prove its delivery, then
 
 B,
 
 who is not a subscribing witness, may be introduced to prove the delivery. If the subscribing witness, on the trial, was to perjure himself in denying that he saw the deed executed, yet the instrument may be established by other witnesses who have not subscribed to the deed.
 

 The act of 1806, is an act to prevent frauds and perjuries, and it requires the subscribing witness, the witness of tire law, to be produced on the trial to prove the execution of the writing
 
 ;
 
 yet, like the construction that has been put on the statute of frauds in England, if the subscribing witness is unable or will not prove the exe
 
 *268
 
 cution of the writing, it may be proven by other witnesses. In England, the statute of frauds requires a will, which shall be good to pass lands, to be attested by three witnesses, who shall sign in the presence of the testator.— It lias been decided there, that if the attesting witnesses to a will of lands, swear against their own attestation, they may, nevertheless, be contradicted by means of other testimony.
 
 (Lowe
 
 v.
 
 Joliffe,
 
 1
 
 Bla. R.
 
 365.
 
 Goodtitle
 
 v.
 
 Clayton,
 
 4
 
 Burr.
 
 2224.) I am of opinion that the court acted correctly in admitting the evidence, and that the deed of gift was properly proven, and that the judgment should be affirmed.
 

 Per Curiam — Judgment aefiemed.